IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:08-cr-03-RS-GRJ

PATRICIA WALKER McGILL,

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 112, a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's guilty plea to eight counts of a 21-count indictment charging her with conspiracy to misapply and intentional misapplication of property, in violation of 18 U.S.C § 666(a)(1)(A) and (2), for which she received concurrent 46-month prison sentences and was ordered to pay more than $200,000 in restitution. The Government filed a response in opposition to the motion to vacate, and Defendant filed a reply. Docs. 115, 120. Upon due consideration of the motion, the response, and the Defendant's reply, the undersigned recommends that the motion to vacate be denied.[1]

**Background**

The charges against Defendant were based on her misapplication of grant funds while she was employed as a director of the Institute on Urban Policy and Commerce located at Florida A&M University. Defendant appealed her sentence to the Eleventh

---

[1]Upon review of the record and the parties' submissions, the Court concludes that no evidentiary hearing is warranted in this case. *See* Rule 8, Rules Governing Motions Under § 2255.

Circuit, arguing (1) that the district court erred by finding that the loss amount was greater than $200,000 but less than $400,000, resulting in a 12-level sentencing enhancement; (2) that the district court erred in assessing two points for abusing a position of trust pursuant to U.S.S.G. § 3B1.3; and (3) that the district court erred by imposing a two-level increase for role in the offense because she did not manage or lead others who were criminally responsible for the misapplication of federal funds. The Eleventh Circuit rejected each of these arguments and affirmed Defendant's sentence. Doc. 106.

In the instant motion to vacate, Defendant asserts five grounds for relief. Grounds 1, 3, and 4 pertain to the same sentencing claims raised and rejected on appeal. Ground 2 asserts that the district court erred in declining to apply a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). In Ground 5, Defendant contends that her guilty plea was coerced by her trial counsel. Doc. 112.

## Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if

condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

## Sentencing Claims

As noted above, Defendant's first, third, and fourth grounds for relief were raised and rejected on direct appeal, and therefore further review of those claims is precluded. *Id*. Defendant's second ground for relief, regarding the denial of a reduction in offense level for acceptance of responsibility, should have been raised on direct appeal, and Defendant presents no basis for excusing the procedural default. Defendant's trial counsel argued for a two-point reduction in the offense level at sentencing. *See* Doc. 98-5 at 10 (sentencing transcript). After considering the evidence, including Defendant's testimony at the sentencing hearing, the Court found that the reduction was not warranted because Defendant decided to plead guilty after her trial had already commenced. *Id*. at 123. Defendant has shown no error in this aspect of the Court's sentence that would warrant relief on collateral review.

## Claim Five: Coerced Plea

Defendant asserts that on the second day of trial her counsel told her "at an elevated level," that the all-white jury was going to find her guilty and that if she did not stop the trial she would go to jail for a very long time and would not see her family. She contends that on the morning of the third day of trial, she and her two adult children met with her counsel, the prosecutor, and a government agent to discuss a plea. She contends that the prosecutor stated he would argue for a sentence of probation.

Defendant contends that she entered a plea because she was stressed and worn down by her retained counsel. According to Defendant, she felt forced into entering a plea by counsel's threats of a lengthy sentence away from her family. Defendant claims that she almost passed out during the plea colloquy while thinking about her attorney's threats. Defendant also asserts that she was singled out for selective prosecution on account of her race. Doc. 112. This latter assertion is wholly conclusional and unsupported, and does not state a basis for collateral relief on the instant record.

Initially, it must be noted that Defendant was represented by different retained counsel on appeal. The voluntariness of Defendant's plea could have been raised on direct appeal, but was not.

An allegation of a coerced plea, supported by a factual allegation, can support a § 2255 motion. *See Fontaine v. United States*, 411 U.S. 213, 214–15 (1973); United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir.2001). However, a defendant's statements during a Rule 11 colloquy, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73–74(1977); *see also Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir.1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73–74; *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994) (citations omitted). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge*, 431 U.S. at 73–74.

Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir.1988).

A review of the plea colloquy reflects that the Court advised Defendant of her right to persist in her not-guilty plea, and of all of the Constitutional rights attendant to a not-guilty plea. Defendant affirmed, under oath, that she understood that if she pleaded guilty she would give up any defenses to the charges and the trial would stop. Defendant stated that she understood she faced a maximum of five years imprisonment for the conspiracy charge, and 10 years for each of the other counts. Defendant affirmed that she could not withdraw her plea if her sentence was different than what counsel predicted. Defendant stated that her attorney had clearly explained the charges against her, that she had had sufficient time to discuss the case with her attorney, that he had answered all of her questions, and that she was fully satisfied with his advice. Defense counsel and the prosecutor also affirmed on the record that no assurances, promises, or understandings had been given to Defendant about the disposition of her case other than what the Court had discussed as a matter of record before Defendant in open court. After considering Defendant's responses to the colloquy, and hearing her plea of guilty as to each count, the Court found that:

> [Y]ou, Patricia Walker McGill, are now alert and intelligent, that you understand the charges against you, that you appreciate the consequences of pleading guilty, that you are fully competent and capable of entering an informed plea, that your decision to plead guilty is freely and voluntarily made, and that you've had the advice of a competent lawyer with whom you are satisfied.

Doc. 60 at 25.

In support of her motion, Defendant has presented an unsworn "affidavit" from Curtis Taylor, a friend of Defendant's who met with Defendant and her attorney on two

occasions. This affidavit expresses that Defendant believed "her case would be reduced from a felony to a misdemeanor," for which she could receive probation, and expresses Mr. Taylor's opinion that counsel pressured Defendant to enter a plea. Doc. 118. Mr. Taylor's unsworn statement regarding what he believed Defendant thought, and his conclusional assertion that counsel "pressured" Defendant, do not amount to compelling evidence showing that Defendant's sworn testimony at the plea colloquy is untrustworthy. The colloquy is clear that Defendant understood the potential sentencing exposure and that no contrary promise had been made.

Defendant also presents an affidavit from her son, Joe Walker, expressing his opinion that Defendant's counsel coerced her into pleading guilty. Mr. Walker's affidavit criticizes counsel's strategy and performance in the weeks leading up to trial. He states that counsel urged Defendant prior to trial to take a plea deal. He states that counsel expressed that he did not want to be in trial for two weeks, which would only draw out the inevitable, and that the prosecutor would make Defendant look like a fool on cross-examination. He contends that counsel complained about the amount of time it took Defendant to pay him, and told Walker there was no way she could win the trial with the "redneck" jury that had been selected. Walker claims that he overheard part of a conversation that suggested the Government had offered a plea deal with no jail time. Counsel later approached Walker and other family members for assistance in influencing Defendant to plead guilty. He states that counsel "besieged" Defendant with "all the worst case scenarios." He states that counsel suggested that a Presidential pardon was possible. Doc. 119.

This affidavit also does not amount to compelling evidence showing that

Defendant's statements to the Court at the plea colloquy are untrustworthy. Counsel did in fact take Defendant's case to trial. Mr. Walker's affidavit reflects that counsel expressed a strong belief that a plea was desirable in view of the composition of the jury and the strength of the Government's case. The other statements attributed to counsel regarding the inevitability of the trial outcome and Defendant's potential performance as a witness – while pessimistic – could also be read to reflect counsel's belief that a plea in this case was preferable to trial. In any event, the Court undertook during the plea colloquy to ensure that it was in fact *Defendant's* choice to plead guilty, with full knowledge of the consequences of such plea, and that the plea was made voluntarily.

On this record, Defendant has not met the "heavy burden to show [her] statements [under oath] were false." *Rogers*, 848 F.2d at 168. Accordingly, collateral relief is not warranted on the ground of a coerced plea.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of

appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 112, be **DENIED**, and that a COA be **DENIED.**

**IN CHAMBERS** this 3rd day of December 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**